UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GWENDOLYN RENEE REDDIC,<br><br>Plaintiff<br><br>v.<br><br>OFFICER SMITH, et al.<br><br>Defendants. | Case No. 2:23-cv-01224-CDS-NJK<br><br>**ORDER TO SHOW CAUSE** |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

Plaintiff filed an application to proceed *in forma pauperis* and proposed complaint. Docket Nos. 2, 2-1. Plaintiff submits that this Court has federal question and diversity jurisdiction over the dispute.[1] Docket No. 2-1 at 4-5. Plaintiff fails, however, to allege any facts showing that the requirements of diversity or federal question jurisdiction are satisfied in this case. *See* Docket No. 2-1; *see also* 28 U.S.C. §§ 1331, 1332; *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990) ("Federal jurisdiction may not be premised on the mere citation of federal statutes"); *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004) (party asserting subject matter jurisdiction must submit some facts or evidence showing that it is more likely than not that the amount in controversy threshold has been cleared). Plaintiff is hereby **ORDERED** to show cause in writing, by September 5, 2023, why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: August 4, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court construes the filings of *pro se* litigants liberally. *See, e.g., Blaisdell v. Frappiea*, 729 F.3d 1237, 1240 (9th Cir. 2013).

1